UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**A. THOMAS RASMUSSEN**,

Debtor.

Case No. **14-60151-13**

# MEMORANDUM of DECISION

At Butte in said District this 7th day of May, 2014.

In this Chapter 13 bankruptcy, after due notice, a hearing was held May 6, 2014, in Butte on confirmation of Debtor's Chapter 13 Plan filed March 26, 2014, at docket no. 16; the Trustee's Motion to Dismiss filed March 12, 2014, at docket no. 13; the Trustee's Motion to Dismiss filed March 27, 2014, at docket no. 20; the Trustee's Objection to Debtor's claim of exemption filed April 1, 2014, at docket no. 23; Debtor's Motion to Dismiss Trustee's Motions to Dismiss, his Objection to Filed Chapter 13 Plan and his Objection to Claim of Exemption filed April 11, 2014, at docket no. 31; and Debtor's Motion to Dismiss Court Order filed April 17, 2014, at docket no. 35. In addition to the foregoing, Debtor filed a Motion to Dismiss on May 5, 2014, at docket no. 42. Debtor A. Thomas Rasmussen testified, and the Trustee's Exhibits 1, 2, 7, 8 and 9 were admitted into evidence without objection.

As for Debtor's Motion to Dismiss, this Court previously held that under 11 U.S.C. § 1307(b), debtors have an absolute right to dismiss their Chapter 13 case as long as "the case has not been converted under section 706, 1112, or 1208." However, in the case of *In re Rosson*, 545 F.3d 764 (9th Cir. 2008), the Ninth Circuit Court of Appeals extended the ruling of *Marrama v.*

1

*Citizens Bank of Mass.*, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007), and held that "a debtor's right to voluntarily dismiss a Chapter 13 case under § 1307(b) is not absolute, but is qualified by an implied exception for bad-faith conduct or abuse of the bankruptcy process." *In re Rosson*, 545 F.3d at 767. Given the *Rosson* decision, this Court amended its Local Rules, effective December 1, 2009. Now, under Mont. LBR 1017-1(a)(3), "[a] debtor seeking dismissal under 11 U.S.C. § . . . 1307(b) shall file a motion for dismissal, with the notice required under Mont. LBR 9013-1."

Debtor's Motion to Dismiss complies with Mont. LBR 1017-1(a)(3) and Mont. LBR 9013-1. In addition, the Trustee also seeks dismissal of this case. In his first Motion to Dismiss filed March 12, 2014, the Trustee seeks dismissal of this case for Debtor's failure to timely file a Chapter 13 plan, arguing:

> The Debtor has failed to file a Plan within fourteen (14) days of the filing of the petition as required by 11 U.S.C. § 1321 and F.R.B.P. 3015. Furthermore, F.R.B.P. 3015(b) states that if the Plan is not filed with the petition, it shall be filed within fourteen days thereafter and such time may not be further extended except for cause shown and on notice as the court may direct. The Debtor did not request an extension of time and from all appearances the Debtor made no effort to comply with the Rules. Now that the time has expired, there is no way that the Debtor may cure the defect he has created.

Debtor filed his Chapter 13 Plan on March 26, 2014.

In the second Motion to Dismiss, the Trustee seeks dismissal of this case for Debtor's failure to comply with a Court Order, arguing:

> Cause for dismissal exists pursuant to 11 U.S.C. § 1307(c) because the Debtor has failed to comply with an order of the court, dated February 27, 2014, requiring the Debtor to turn over complete copies of his 2011 and 2012 State and Federal tax returns as required by 11 U.S.C. § 521(f)(4)(B) and Mont. L.B.R. 3015-4. The Debtor only turned over copies of his 2011 and 2012 State tax returns.

Debtor represented at the hearing that he did not file a 2011 or 2012 federal income tax return because his income was too low. Debtor also represented that he has not yet filed his 2013 federal or state income tax returns. Neither of the Trustee's Motions to Dismiss seek dismissal of this case with prejudice.

Debtor now seeks dismissal of this case so he can refile a joint petition with his spouse and revest title of their home in their name. Debtor believes he and his spouse are the victims of mortgage fraud and Debtor would like to pursue that fraud through a joint bankruptcy petition and Rule 2004 examination of Federal National Mortgage Association. In schedules filed March 12, 2014, Debtor represents that he owns jointly with his spouse, a home located at 6375 Twin Pines Road, Helena, Montana.[1] Through testimony and exhibits, the Trustee established that Debtor's home was the subject of a nonjudicial foreclosure in 2012, and following a public auction held March 9, 2012, a Trustee's Deed was recorded in the name of Federal National Mortgage Association on March 14, 2012.

In an attempt to circumvent the aforementioned foreclosure proceeding, Debtor, individually, filed on April 23, 2012, in the Montana First Judicial District Court, Lewis and Clark County, a complaint seeking injunctive relief against BAC Home Loan Servicing, LP and Recon Trust Company, N.A. That matter was removed to the United States District Court for the District of Montana on June 8, 2012. On October 15, 2012, United States Magistrate Judge Keith Strong entered Findings and Recommendations that Bank of America, N.A.'s motion to dismiss for failure to state a claim should be granted, that Debtor's motion for leave to amend his complaint should be denied as futile because his complaint, as amended, would be subject to

---

[1] The property is also described as having an address of 1956 Colorado Gulch Drive, Helena, MT 59601.

dismissal for failure to state a claim on which relief could be granted, and alternatively, that Debtor's motion for leave to amend his complaint should be denied as futile because the complaint, as amended, would be subject to dismissal for lack of subject matter jurisdiction. On January 28, 2013, United States District Court Judge Dana L. Christensen adopted Judge Strong's Findings and Recommendations and dismissed Debtor's complaint with prejudice. Debtor appealed that decision to the Ninth Circuit Court of Appeals. The appeal was fully briefed on October 10, 2013, but the Ninth Circuit Court of Appeals has not entered its ruling.

In addition to the foregoing proceeding, on December 13, 2013, Montana First Judicial District Court Judge Jeffrey M. Sherlock entered a Judgment concluding that Federal National Mortgage Association was entitled to immediate possession of Debtor's home and that a Writ of Assistance may be issued requiring the assistance of the Sheriff in removing Debtor and his spouse, and all their belongings, from the home. Debtor testified that he raised defenses in the state court matter, but has other defenses he would like to raise before this Court. Debtor did not appeal Judge Sherlock's Judgment, stating he has decided to go a different direction.

The Trustee asks as this juncture that the Court dismiss this case with prejudice, *i.e.*, that Debtor be barred from filing another bankruptcy petition for a period of time. The Trustee argues that dismissal with prejudice is appropriate because he requested such relief in his Objection to Confirmation filed March 27, 2014. In support of such requested relief, the Trustee established that further litigation over Debtor's home is futile. The Trustee also established, through Debtor's testimony, that Debtor's schedules are not accurate. For instance, Debtor did not list his oil lease royalties as an asset. Debtor explained that he did not think of his mineral rights as personal property that should be listed on Schedule B. Debtor also did not list all of his debts. Debtor

4

testified that certain of his creditors had not contacted him lately, so he did not include them on Schedule F. Debtor also testified that he simply forgot to list his appeal as pending litigation.

Debtor has not made a payment on his home since 2012, and has not insured the home since the foreclosure sale. Debtor testified that he would like to conduct a Rule 2004 examination of Federal National Mortgage Association, BAC Home Loan Servicing, LP and/or Recon Trust Company, N.A., but explained that he has not done that to date, even though the instant bankruptcy case was commenced on February 25, 2014, because he is not ready to do that yet.

Debtor's Chapter 13 Plan filed March 26, 2014, provides for no monthly payments. Debtor's plan also makes no provision for administrative claims, impaired secured claims, unimpaired secured claims or other claims. Debtor represents in the plan that he had "just started a new temporary job" and under "Other Provisions" states: "My possible debt with the listed creditors is currently in dispute. I will need to proceed to the creditors meeting and then use Rule 2004 to examine disputed items and determine whether wrongdoing has occured [sic]. Only then will I be able to truthfully and accurately fill out the balance of this Plan."

The facts in this case do not show that Debtor filed the instant petition with fraudulent intent. Fraudulent intent, however, is not a requirement for dismissal of a case with prejudice. *In re Hungerford*, 19 Mont. B.R. 103, 130, 2001 WL 36211305 (Bankr. D.Mont. 2001). Instead, dismissal with prejudice for bad faith "involves the application of the 'totality of the circumstances' test." *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999); *In re Kreilick*, 18 Mont. B.R. 419, 421–22 (D. Mont.2000). Debtor does not have a history of filings and dismissals and the Court would not characterize his behavior as egregious. *Id.* However, Debtor is ultimately seeking to defeat state court litigation and his schedules are inaccurate and misleading. The

5

foregoing, coupled with the following discussion in *Rosson* persuades this Court that dismissal of this case with prejudice is appropriate:

> In *Marrama*, however, a majority of the Court unequivocally rejected the *Croston* position, holding that the right to convert to Chapter 13 was impliedly limited by the bankruptcy court's power to take any action necessary to prevent bad-faith conduct or abuse of the bankruptcy process. *See id*. at 1111–12 (noting that the Bankruptcy Code specifically grants bankruptcy judges "broad authority . . . to take any action necessary or appropriate 'to prevent an abuse of process'") (quoting 11 U.S.C. § 105(a)). Thus, the Court held that bankruptcy judges had the power to differentiate between "the vast majority" "of honest but unfortunate debtors who do possess an absolute right to convert their cases from Chapter 7 to Chapter 13" and "the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor." *Id.* at 1111.
>
> Although the Court declined to decide "with precision what conduct qualifies as 'bad faith'," the Court "emphasize[d] that the debtor's conduct must, in fact, be atypical." *Id*. at 1112 n.11. Applying the rule to the facts before it, the Court concluded that Marrama had "made a number of statements about his principal asset [a house] ... that were misleading or inaccurate," *id.* at 1108, and that he had therefore "forfeited his [purportedly absolute] right to proceed under Chapter 13." *Id.* at 1109.

*Rosson*, 545 F.3d at 773.

In this case, Debtor is seeking to use the bankruptcy process to obtain what he could not successfully obtain in either the State or Federal District Courts, namely revesting title of the home in his name. Debtor's decision to "go a different direction" and pursue bankruptcy, instead of appealing the State District Court's judgment or pursuing his now pending appeal in the Ninth Circuit is an abuse of the bankruptcy process. This Court simply cannot afford Debtor the relief he seeks and further proceedings will only result in unnecessary and frivolous litigation, which makes Debtor an atypical litigant who is not entitled to the relief available to the typical debtor.

The Court would note that Debtor discloses in his schedules that he has no creditors holding secured or priority claims, and lists only Fannie Mae and Rocky Mountain Recovery

Systems as having unsecured claims, both of which are listed as disputed. Debtor's schedules demonstrate that his focus is on staying in his home, and not with discharging other debts, which he failed to list is his schedules. However, whether Debtor can remain in his home is a decision for another forum, and not this Court. Therefore, this Court concludes that dismissal, with conditions relating to future filings, is appropriate.

Therefore, the Court will enter a separate order providing as follows:

IT IS ORDERED that confirmation of Debtor's Chapter 13 Plan filed March 26, 2014, at docket no. 16 is denied; the Trustee's Motion to Dismiss filed March 12, 2014, at docket no. 13 is denied; the Trustee's Motion to Dismiss filed March 27, 2014, at docket no. 20 is denied; the Trustee's Objection to Debtor's claim of exemption filed April 1, 2014, at docket no. 23 is sustained; and Debtor's Motion to Dismiss Trustee's Motions to Dismiss, his Objection to Filed Chapter 13 Plan and his Objection to Claim of Exemption filed April 11, 2014, at docket no. 31 is denied.

IT IS FURTHER ORDERED that Debtor's Motion to Dismiss Court Order filed April 17, 2014, at docket no. 35 is granted; this case is dismissed; and Debtor is barred from filing another bankruptcy proceeding that seeks to resolve any issues relating to the ownership of the property located at 6375 Twin Pines Road, Helena, Montana.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana